IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIE B. GAINES, JR.**                                                       **PLAINTIFF**

**V.**                                **CASE NO. 3:12-CV-404-TSL-MTP**

**DORRIS McDONALD, ET AL.**                                     **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Plaintiff Willie B. Gaines, Jr. seeks partial summary judgment against Defendant Dorris McDonald on his claims for violation of due process rights, denial of adequate healthcare, and deliberate indifference to a particular human need. Having considered the motion, case record, and applicable law, the undersigned is of the opinion that the motion should be denied for the reasons provided below.

**FACTUAL BACKGROUND**

Willie B. Gaines, Jr., proceeding *pro se* and *in forma pauperis*, filed his 42 U.S.C. § 1983 complaint in this Court on June 12, 2012.[1] His claims arise from events which occurred while he was incarcerated at Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi. At the time of the alleged events, Dorris McDonald was an employee at CMCF.[2]

On or about January 26, 2012, Gaines was transferred from Hinds County Detention

---

[1]The Plaintiff originally named Dorris McDonald, MDOC, CMCF Offender Services, and CMCF Administration as defendants in this lawsuit. By Order [9] dated July 9, 2012, the Court dismissed the claims against CMCF and MDOC with prejudice.

[2]Gaines alleges that McDonald was an "Offender Services and Administrative Staff" employee at CMCF. Although McDonald's title is unclear, the Court may occasionally refer to her as "Officer McDonald."

1

Center to CMCF. The Plaintiff alleges that upon his arrival at CMCF, Dorris McDonald instructed officers to place Gaines inside a cell that was already holding two inmates. He claims that he was given sheets and a mat but that, because the cell only contained two beds, he was forced to lie on the floor. According to Gaines, CMCF officers moved him into the "day room" and advised him that he would be housed there until he was given a bed. Complaint [1] at 5. As a result, Gaines slept on the floor in front of a stairway for four days. He claims that when he had to use the restroom during that time, he "had to go in and out of other inmates['] cells night and day." *Id*. He alleges that he remained under those conditions from January 26, 2012, until January 30, 2012.[3] Thereafter, he was given a bed.

Around February 2012, Gaines completed an Administrative Remedy Program ("ARP") First Step Response Form regarding his housing accommodations upon arrival at CMCF. On March 1, 2012, Officer Brian Ladner responded to the ARP First Step Response Form stating that "the decision to use floor beds came from administration." Doc. [1-1] at 3. Gaines proceeded to the Second ARP Step. Gaines asserts that at the time he filed this lawsuit CMCF officers had not responded to his Second Step Response Form. On August 24, 2012, Superintendent James Holman responded to the Plaintiff's Second Step Response Form. Holman found that the Gaines's complaint lacked merit because an investigation had been conducted and that Gaines's "housing assignment was based on availability per administrative directives and [his] custody status." Doc. [23-1] at 28.

In his complaint, Gaines asks this Court to release him from the custody of the

---

[3]On March 2, 2012, Gaines was transferred to Hinds County Detention Center regarding another legal matter. On April 17, 2012, he was transferred back to CMCF. Doc. [22] at 4-5.

Mississippi Department of Corrections ("MDOC") and to award damages for his mental and emotional injury, mental anguish, and pain and suffering. On September 21, 2012, before the Court could hold a *Spears* hearing to determine the Plaintiff's actual claims, Gaines moved for partial summary judgment "as to the liability of defendants Dorris McDonald [sic] for damages to the Plaintiff of due process of law, denial of adequate health care deliberate indifference to a particular human need [sic]."

Gaines filed a declaration [22] to support his motion wherein he makes new allegations against McDonald. Specifically, the Plaintiff alleges that he was subjected to unsanitary living conditions at CMCF, which caused him to suffer a foot fungus, "severe foot pains," and "swollen and blistered" feet. *Id*. When Gaines requested medical attention, a nurse practitioner at the facility prescribed antifungal cream to treat the fungus. Gaines alleges that after he used the cream for two days, his condition worsened and "his daily activities became woeful and painful." *Id.* at 4. He completed another sick-call request. The nurse prescribed more antifungal cream but denied his requests for "pain medications and antibiotic cream or pills." *Id*. Gaines alleges that due to the fungus, he was "unable to stand at lengths of time," wearing shoes became difficult, and "walking is extremely painful." *Id*. at 5.

In addition, Gaines asserts that because he was seen by nursing staff rather than a physician, he was denied access to a physician. The Plaintiff complains that he suffers mental and emotional distress and that he is "scared to death" because he does not know what his illness is or why it is recurring.[4] *Id*. at 6.

---

[4]Gaines also claims that he has been diagnosed with depression. Doc. [22] at 5-6. He has submitted a copy of an informed consent form from CMCF and/ or Wexford Health Sources, Inc. dated May 29, 2012, which indicates that Gaines has been prescribed psychotropic medication.

Gaines further contends that the Defendant failed to respond to the second and final step of the ARP process and by doing so, she prevented him from exhausting his claims and denied him due process. *Id.* McDonald did not respond to the motion; however, the Court adheres to Fifth Circuit precedent that an unopposed dispositive motion may not be granted simply because no opposition has been filed absent a "clear record of delay of contumacious conduct." *Johnson v. Pettiford,* 442 F.3d 917, 919 (5th Cir. 2006). Since there is no such record in this case, the Court must examine the merits of the Plaintiff's motion.

## ANALYSIS

Under Rule 56(a), summary judgment should be granted if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(a). A material fact issue exists if a jury could reasonably return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When determining whether a genuine fact issue exists, the court "must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.,* 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Texas,* 246 F.3d 500, 502 (5th Cir. 2001)). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions, but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted); *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

As noted above, no *Spears* hearing has been held in this case; therefore, the Court is

---

Doc. [23-1] at 8.

unable to discern all of the Plaintiff's claims at this time. In his motion for partial summary judgment, Gaines argues that Dorris McDonald is liable for violating his due process rights, denying him healthcare, and showing deliberate indifference to his particular human need. The factual basis for these claims is unclear.

Based on a review of the complaint, it appears that McDonald's only involvement was instructing officers to place Gaines inside a cell with two other inmates once he arrived at CMCF. In his declaration [22] supporting the motion for partial summary judgment, Gaines claims that McDonald also instructed prison guards to house him underneath the staircase in the day room. He has not alleged that McDonald was a decision maker in the ARP process or that she was responsible for responding to inmate ARP complaints. Likewise, he has not alleged what role, if any, McDonald played in deciding the type of medical treatment he received.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed. 2d 62 (1965)). To determine whether there has been a due process violation, this Court must "ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *see Bowlby v. City of Aberdeen, Mississippi,* 681 F.3d 215, 220 (5th Cir. 2012).

Gaines alleges that the Defendant denied him due process by not responding to his second step ARP request. He claims that this inaction prevented him from exhausting his state remedies, which was a prerequisite to filing the instant lawsuit. However, he fails to show that McDonald was responsible for overseeing the ARP process or responding to prisoner grievances.

CMCF Officer Brian Ladner responded to Gaines's first step grievance. Superintendent James Holman responded to the second step grievance. There is no evidence in the record showing that McDonald was responsible for responding to the Plaintiff's second and final ARP step complaints.[5] Further, despite any failure to timely respond by CMCF officials, Gaines was not precluded from bringing this § 1983 lawsuit. Therefore, he is not entitled to summary judgment on his due process claim.

As to the Plaintiff's claims for denial of medical treatment and/ or deliberate indifference, the Eighth Amendment requires prison officials to "ensure that inmates receive adequate...medical care." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed. 2d. 811 (1994). A prison official fails to satisfy that duty when his or her conduct "demonstrates deliberate indifference to a prisoner's serious medical needs, [and thereby constitutes] an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006) (internal citations omitted). Officials cannot be held liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

At this stage of the proceedings, Gaines cannot prevail on his claim for denial of adequate healthcare or deliberate indifference because he has not established that Officer McDonald knew he had any medical ailments. There is no evidence in the record indicating that

---

[5]According to the Mississippi Department of Corrections Grievance Procedures, which the Plaintiff included in the case record, it appears that the Administrative Remedy Program Administrator, Legal Claims Adjudicator, Warden, and Community Corrections Director are the only prison officials involved in the ARP process Doc. [23-1] at 21-24. As such, it is unlikely that McDonald could have responded to any of the Plaintiff's ARP grievances.

McDonald was aware of the Plaintiff's foot fungus or that he suffered from any type of depression.

Gaines has provided the Court with copies of MDOC Medical Service Request Forms he completed in August 2012, which was after the filing of this lawsuit. The Plaintiff has only alleged that McDonald determined where he would be housed once he arrived at CMCF. He has not presented any evidence that she decided what type of medical treatment he would receive or that she knew he needed medical attention. Officer McDonald could not have been deliberately indifferent to a medical condition of which she was unaware.

Further, the Plaintiff admits that he received medical treatment. He was seen by a nurse practitioner who prescribed him antifungal cream. Gaines complains because he wanted to see a physician rather than a nurse practitioner and because he was not prescribed any type of medication for the pain accompanying his foot fungus. There is no Eighth Amendment violation unless Gaines can show that the Defendant knew of and disregarded an excessive risk to his health or safety. *Farmer,* 511 U.S. at 837. As he is unable to make the requisite showing, he is not entitled to summary judgment on his deliberate indifference and denial of adequate healthcare claims.

To the extent Gaines asserts that he was deprived of adequate housing conditions because he had to sleep on the floor, this Court notes that a prisoner does not have a right to an elevated bed. *See Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir. 1986). Gaines was assigned housing accommodations based on his classification. "Inmates have no protectable property or liberty interest in custodial classifications." *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998). Accordingly, Gaines is not entitled to summary judgment on this claim.

**RECOMMENDATION**

Based on the foregoing analysis, Plaintiff Willie B. Gaines, Jr. is not entitled to summary judgment on his claims for denial of due process, denial of adequate healthcare, deliberate indifference, and inadequate housing conditions. Therefore, the undersigned recommends that his Motion for Partial Summary Judgment [21] be denied.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

SO ORDERED, this the 25th day of January, 2013.

/s/MICHAEL T. PARKER
UNITED STATES MAGISTRATE JUDGE