IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIE B. GAINES, JR.**                                                   **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 3:12cv404-JMR**

**DORRIS McDONALD and**
**JAMES HOLMAN**                                                           **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This cause comes before the Court on the Motion for summary judgment [61] filed by the

Defendants, Dorris McDonald [McDonald] and James Holman [Holman]. The Court has duly

considered the record in this action and being fully advised in the premises, concludes as

follows.

<u>Standard of Review</u>

In making its determinations of fact on a motion for summary judgment, the Court must

view the evidence submitted by the parties in the light most favorable to the nonmoving party,

and draw all reasonable inferences in the nonmovant's favor. *Seatrax, Inc. v. Sonbeck Intern.,*

*Inc.*, 200 F.3d 358, 364 (5th Cir. 2000). If the "pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law", summary

judgment is properly granted. FED.R.CIV.P. 56(c). The moving party bears the burden of showing

that there is an absence of evidence to support the nonmovant's claims. *Celotex Corp. v. Catrett*,

477 U.S. 317, 325 (1986). "[T]here is no issue for trial unless there is sufficient evidence favor-

ing the nonmoving party for a jury to return a verdict for that party. If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Applying this standard to the evidence

presented by the parties to the present motion, the Court makes the following findings.

Facts

Gaines is a post-conviction inmate in the custody of the Mississippi Department of Corrections [MDOC]. According to Gaines, he was forced to sleep on the floor because there were only two beds in the cell at the time he arrived at Central Mississippi Correctional Facility [CMCF] on January 26, 2012. [1, p. 4.] He received a sleeping mat, and was moved to a place in the day room, in front of a stairway because of a lack of a bed. [1, p. 5.] He stayed in that place from January 26, until January 30, 2012, when he was moved to a cell. [1, p. 6.] Gaines contends that he was treated with deliberate indifference and subjected to unsanitary housing conditions which constituted cruel and unusual punishment. [22, p. 3.] Gaines maintains that he contracted a foot fungus caused by sleeping on the day room floor. [22, p. 3.] He claims that he sought medical treatment for the fungus and was given anti-fungal cream by the nurse practitioner. [22, p. 4.] Gaines contends that the cream did not help his condition, and when he asked for pain medications, and antibiotic cream, he was given more anti-fungal cream. (*Id*.) Gaines contends that he was not allowed to see a physician for treatment of his foot condition, and began to suffer mental health issues as a result of the lack of treatment. [22, p. 6.]

Gaines asserts that the defendants failed to respond to his grievances, which constitutes a denial of his due process rights. [22, p. 6.] He seeks compensatory damages for alleged mental and emotional injury and $900,000 for relief for his pain and suffering. [1, p. 4.] He also demands release from the MDOC, forever, as part of his relief. (*Id*.) Gaines was allowed to amend his complaint to advance his claim against Holman, as superintendent of CMCF, because Holman allegedly was responsible for McDonald's actions  [33, p. 3.]

The Defendants assert that they are protected by qualified immunity on any claims

advanced against them in their individual capacities. [62, p. 5.] The Defendants contend that any claims brought against Holman in his individual capacity should be denied because a supervisor can only be found liable based on that person's personal participation in the wrongful conduct, or where there is a causal connection between the supervisor's acts and the alleged constitutional violation. [55, p. 4.] In this case, the Defendants maintain that Gaines alleged no personal involvement on the part of Holman in the care of Gaines' foot fungus or housing problems. [62, p. 8.] In addition, the Defendants argue that Holman's only involvement was denial of Gaines' grievance as part of the Administrative Remedy Program [ARP]. (*Id*.) The Defendants contend that this denial does not raise an issue of a violation of a constitutional right. (*Id*.)

The Defendants further maintain that Gaines does not have a constitutional claim for the alleged Eighth Amendment violation when Gaines had to sleep on the floor for several days. [62, p. 9.] The Defendants also contend that Gaines' claim for deliberate indifference to a serious medical need brought against McDonald shows nothing more than a disagreement with his treatment regime, and such a disagreement fails to rise to the level of a constitutional violation. [62, pp. 9-11.]  Finally, the Defendants contend that Gaines has not established a violation of his due process rights. [62, p. 11.]

Conclusions of Law

I.    <u>Eleventh Amendment Immunity</u>

The Defendants assert that Gaines' official capacity claims against Holman and McDonald are barred by the Eleventh Amendment. [62, p. 3. ] Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti,* 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). Accordingly, plaintiff's claims against Holman and McDonald are in effect

3

claims against the MDOC. Because the State of Mississippi is entitled to Eleventh Amendment immunity from plaintiff's claims asserted under Section 1983, and the MDOC is an arm of the State for purposes of Eleventh Amendment immunity, these defendants are also entitled to immunity from plaintiff's claims against them in their *official* capacities. *See* MISS. CODE ANN. § 47-5-1 *et. seq.; see also Bogard v. Cook,* 586 F.2d 399, 410 (5th Cir. 1978) (holding that official capacity claims against Mississippi State Penitentiary employees are barred by the Eleventh Amendment). Accordingly, the Court finds that Holman and McDonald's motion for summary judgment regarding any claims advanced against them in their official capacity should be granted. Eleventh Amendment immunity does not apply to plaintiff's claims for monetary damages against Defendants in their *individual* capacities. *See Hafer v. Melo,* 502 U.S. 21, 30-1 (1991) (stating that "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983").

II.     <u>Supervisory Liability</u>

In addition, Holman's only involvement in the claims advanced in this case is his supervisory role and as a respondent in the ARP, according to the defendants. [62, p. 8.] Holman had no personal involvement in Gaines' placement at the facility or in the treatment of Gaines' foot fungus. A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability under section 1983 against a governmental agency requires proof of three elements:  a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002) citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later

4

decisions reject supervisors' liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Holman cannot be held liable for actions in his official capacity based on his supervisory role.

III.   Qualified Immunity

McDonald and Holman are sued in both their individual and official capacities. [1; 33, p. 3.] The Defendants have raised the affirmative defense of qualified immunity to Plaintiff's individual capacity claims. [62, p. 5.] In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilly,* 500 U.S. 226, 231 (1991). If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable. Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable. *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 327 (5th Cir.1998). The plaintiff is required to state specific facts in his complaint to overcome the qualified immunity defense. *See Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996). According to the Defendants, Gaines has not demonstrated a violation of clearly established law in his complaint. [62, p. 8.]

A.   Conditions of Confinement Claim

Gaines asserts that his rights under the Eighth Amendment were violated based on his allegations that he was forced to sleep on the floor at CMCF for about four nights while confined at the facility. [1, p. 5; 33, p. 9.] Gaines contends that as a result of sleeping on the floor he was subjected to unsanitary living conditions. [33, p. 5.] He claims that his right to due process of

law was violated by the conditions of confinement.  (*Id.*, p. 6.)  He claims that he was forced to go to another inmate's cell to use the restroom, in violation of his rights. (*Id.*, p. 8.)

The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31-2 (1993). The Eighth Amendment imposes duties on prison officials, and require that they provide humane conditions on confinement, including adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832. "It is cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Helling*, 509 U.S. at 33.

A prison condition constitutes an Eighth Amendment violation only when two requirements are met. First, the alleged condition must be so serious as to deprive the prisoner of the "minimal civilized measure of life's necessities," and second, the prison official must have been deliberately indifferent to the inmate's health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). The United States Supreme Court defined the deliberate indifference standard as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

The Court must also determine if the conditions in the facility were imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 529, 538-9 (1979).

The fact that Gaines had to sleep on the floor for a few days does not establish a

constitutional violation. Overcrowding of inmates is not *per se* unconstitutional,, nor does the temporary inconvenience or discomfort of having to sleep on a mat on the floor amount to a constitutional violation. *Rhodes,* 452 U.S. at 347–350. Detainees have no right to an elevated bed. *Mann v. Smith,* 796 F.2d 79, 85–6 (5th Cir. 1986). Although the conditions of plaintiff's confinement may have been uncomfortable and even harsh, the conditions did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Rhodes,* 452 U.S. at 347. Accordingly, the Court finds that the defendants' motion for summary judgment on Gaines' condition of confinement claims should be granted.

B.    Medical Care

Gaines claims that he was not provided proper medical care. [51.] Specifically, Gaines alleges that he contracted a foot fungus from sleeping on the day room floor. [22, p. 3.] He claims that he was provided anti-fungal cream but did not receive the pain medication that he requested. [22, p. 4.] He contends that he "received inadequate health care because prison and medical staff at the detention center failed to intervene on his behalf." [22, pp. 4, 6.] He claims that the nurse prescribed ineffective medication and deprived him of adequate health services, because he was not allowed to see a physician. [22, p. 5.]

To state a cause of action, this plaintiff needs to show deliberate indifference on the part of each of the defendants. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Claims that prison medical personnel have incorrectly diagnosed a prisoner's illness or that their treatment has been unsuccessful is insufficient to establish Eighth Amendment claim of deliberate indifference to serious medical needs. *Domino v. Texas Dept. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001), *reh'g denied* March 13, 2001. Gaines may disagree with the treatment rendered, however,

7

disagreement with medical treatment does not amount to a constitutional violation. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

Gaines' allegations fall short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants. Gaines alleged only that he was not provided the care he sought, that his condition did not abate as a result of the treatment and he was alleged not seen by a physician, but was treated by a nurse. [22, 51.] Such claims are simply not enough to establish a cause of action under § 1983. *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999), *cert. denied* 528 U.S. 906. The Court, therefore, finds that the defendants are entitled to summary judgment on any claim of deliberate indifference to Gaines' medical needs.

C.    Denial of Due Process

Gaines claims he was denied due process when the defendants allegedly did not respond to his ARP grievance. A prisoner does not have a federally protected liberty interest in having his grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Even if Gaines had further complaint regarding his ARP, he was notified that he had the right to seek judicial review of the grievance on the second step response form. [61-1, p. 8.] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). Gaines was afforded ample opportunity to address his claims, as established by the evidence. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 220 (5th Cir. 2012). The Court, therefore, finds that the defendants' motion for summary judgment on Gaines' claim of a due process violation advanced against these defendants be granted.

In addition, to prevail in a § 1983 lawsuit, a plaintiff must overcome a defendant's qualified immunity defense. *See McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir.

8

2002) (noting that when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense). To discharge this burden, Gaines must satisfy a two-prong test. First, he must claim that the defendants committed a constitutional violation under current law, and second, that the defendant's actions were objectively unreasonable in light of the law which was clearly established at the time of the actions as established by the evidence. *Kinney v. Weaver,* 367 F.3d 337, 349–50 (5th Cir. 2004), *cert. denied* 543 U.S. 872 (2004).

A defendant is entitled to summary judgment in connection with a claim of qualified immunity if discovery fails to uncover evidence sufficient to create a genuine issue regarding whether that defendant in fact committed those acts. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). In this case, Gaines has brought forward no evidence to support his claims of a denial of his constitutional rights by these defendants. In addition, Gaines failed to discharge his burden because he has not shown that any constitutional violations were committed, nor that any of the Defendants acted unreasonably in light of clearly established federal law. The Court, therefore, finds that summary judgment should be granted on Gaines' claims under § 1983 against these defendants acting in both their individual and official capacities.

IV.   <u>State Law Claims</u>

Although it is not clear that Gaines has pleaded any claims against these Defendants under state law, the Court will address such claims out of an abundance of caution. Any such state law claims are barred by Gaines' failure to follow the requirements of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1, *et seq*. In addition, the claims are barred by the "inmate exception" portion of the statute, MISS. CODE ANN. § 11-46-9(1)(m) (providing that governmental entity and employees in course and scope of employment not liable for any claim "[o]f any claimant who at the time the claim arises is an inmate of any detention center . . .

regardless of whether such claimant is or is not an inmate of any detention center . . ..") The Court finds that the defendants' Motion for Summary Judgment on any state law claims should be granted.

<u>Conclusion</u>

Based on the forgoing analysis, this Court is of the opinion that Gaines failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. The Court further finds that the motion for qualified immunity by the Defendants for any claims brought against them in their individual capacities should be granted. The Court concludes that the defendants' motion [61] for summary judgment on Gaines' claims brought under § 1983 should be granted. Finally, any state law claims brought in association with this suit should also dismissed on summary judgment. A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. A copy of this Memorandum Opinion and the judgment shall be mailed by certified mail, return receipt requested to Gaines at his last known address of record. Each party shall bear their respective costs associated with this motion.

DATED, this the 19th day of August, 2013.


_____
                    s/ John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE